IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company; and DOES 1-20,<br><br>Defendants. | CIVIL ACTION NO. 2:23-cv-1680<br><br>(King County Superior Court Case No. 23-2-19335-1)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT** |

TO:  The Clerk of the Court;

AND TO:  Counsel for Plaintiffs.

PLEASE TAKE NOTICE that Defendant Insight Global, LLC ("Defendant" or "Insight Global"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County, where it is currently pending, to the United States District Court for the Western District of Washington. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441 (a) and (b). This Notice and Petition for Removal is supported by the accompanying declarations of Sylvia Peat ("Peat Dec.") and Ariel Zion ("Zion Dec.").

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 1
2:23-cv-1680

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## BACKGROUND

On October 6, 2023, Plaintiff Alexander Floyd, on behalf of himself and all others similarly situated, filed a Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief in Superior Court of Washington State for King County entitled, *Alexander Floyd, individually and on behalf of all others similarly situated v. Insight Global, LLC*, Case No. 23-2-19335-1 SEA (the "Complaint").

Defendant first received a copy of the Summons and Complaint on or about October 13, 2023, when Plaintiff served Defendant through CT Corporation System. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders served upon Defendant is attached to this Notice as **Exhibit A** and incorporated herein by reference. Pursuant to Rule 6(a) of the Federal Rues of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of the Summons and the Complaint on which the aforesaid action is based.

The United States District Court for the Western District of Washington is the federal district embracing the Superior Court of Washington State for King County where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 89 and 1441(a).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Plaintiff and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

## SUBJECT MATTER JURISDICTION EXISTS

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a). As set forth below, this action is removable as it is a case with complete diversity of citizenship between Plaintiff and Defendant with over $75,000 in controversy. 28 U.S.C. § 1332(a)(1).

**I. Diversity of Citizenship**

Removal based on diversity jurisdiction requires complete diversity, meaning that each

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 2
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

plaintiff must be of a different citizenship from each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Complete diversity of citizenship exists between Insight Global and Plaintiff. 28 U.S.C. § 1332(a). The citizenship of unnamed class members and unidentified Doe defendants are disregarded. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001) (citing *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 366-67 (1921)).

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew*, 797 F.2d at 749. While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Id.* at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). According to the Complaint, Plaintiff is a "resident of King County, Washington." (Compl. ¶ 8.) In applying for the job located in the "greater Seattle area" (*id.*), Plaintiff gave a home address in King County, Washington. (Peat Dec. ¶ 4) Plaintiff's state address and own assertions in the Complaint show Plaintiff is domiciled in Washington and thus a citizen of Washington.

Insight Global is a Delaware limited liability company, with its principal place of business in DeKalb County, Georgia located at 1224 Hammond Drive, Atlanta, Georgia 30346. (Zion Dec. ¶ 5) "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Insight Global's sole member is IG Staffing Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County,

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 3
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Georgia. (Zion Dec. ¶ 5) IG Staffing Holdings, LLC's sole member is IG Investments Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. (*Id.*) IG Investments Holdings, LLC's sole member is Igloo Intermediate Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. (*Id.*) IG Igloo Intermediate Holdings, LLC's sole member is IG Igloo Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. (*Id.*) IG Igloo Holdings, LLC's sole member is IG True Grit Parent Holdings, Inc., a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. (*Id.*)

As no member of Insight Global is a citizen of Washington, complete diversity exists between the parties, and the diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a).

## II.    Amount in Controversy

For diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).[1] The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted). "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648-69. The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

---

[1] Insight Global denies that Plaintiff or any putative class member is entitled to any relief, but in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for Plaintiff on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.").

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 4
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

jurisdictional threshold," and does not require evidentiary submissions. *Dart v. Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Moreover, a removing defendant is entitled to rely on a "chain of reasoning that includes assumptions" to satisfy its burden of proving by a preponderance of the evidence that the jurisdictional amount is met. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) ("An assumption may be reasonable if it is founded on the allegations of the Complaint.").

Washington's Equal Pay and Opportunities Act entitles Plaintiff to "actual damages; statutory damages equal to the actual damages or five thousand dollars, whichever is greater; . . . and costs and reasonable attorneys' fees." Wash. Rev. Code § 49.58.070(1); *see id.* § 49.58.110(4) (a job applicant is entitled to the remedies listed in Section 49.58.070 when an employer fails to disclose the required information in each job posting). The Court may also award injunctive relief. *Id.* § 49.58.070(1).

Here, Plaintiff seeks statutory damages of at least $5,000, attorneys' fees, injunctive relief, and declaratory relief. As noted, Plaintiff seeks statutory damages of at least $5,000. In addition, he seeks attorneys' fees which could easily exceed $70,000 if this case were to proceed to trial. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation.'"). A recent declaration submitted by Plaintiff's lead counsel, Timothy Emery, indicates he has an hourly rate of $750 per hour.[2] (Zion Dec. ¶ 7, Ex. 1) In that previous case, which did not even involve filing motions for summary judgment, Mr. Emery spent 113.4 hours on the litigation. (*Id.*) His fees alone, without accounting for any other attorneys, paralegals, or legal assistants, were over $80,000. (*Id.*) Based on Insight

---

[2] The declaration states his hourly rate is $725 but based on the total fees requested for the hours he worked his fee must actually be $750. Specifically, he averred that he spent 113.4 hours on the litigation and requested $82,215.00 for his work. His rate, therefore, must be $750, not $725.

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 5
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Global's Vice President & Deputy General Counsel's own litigation experience, it is reasonable to estimate that the number of attorney hours to even just litigate this case to summary judgment (e.g., investigate and prepare a complaint, complete written discovery, respond to discovery, complete at least two depositions, prepare a summary judgment motion and/or oppose the same) will total over 100 hours of work. (Zion Dec. ¶ 6) Plaintiff's attorneys' fees will therefore, at a minimum, exceed $75,000 not including hours billed by other attorneys, paralegals, and support staff. Plaintiff additionally seeks injunctive and declaratory relief which increases the amount in controversy. *See Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). Furthermore, if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in their claims. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

## **CONCLUSION**

Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of citizenship between the Plaintiff and Defendant and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, Insight Global has properly removed this Action to this Court. Insight Global reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections.

//
//
//
//
//
//
//
//
//
//
//

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 6
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 2nd day of November, 2023

DORSEY & WHITNEY LLP

*s/Todd S. Fairchild*
Todd S. Fairchild WSBA #17654
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
(206) 903-8800
fairchild.todd@dorsey.com

Of Counsel:

Chris Marquardt (*Pro Hac Vice* forthcoming)
Leigh Shapiro (*Pro Hac Vice* forthcoming)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
chris.marquardt@alston.com
leigh.shapiro@alston.com

*Attorneys for Defendant Insight Global, LLC*

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 7
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>EMERY REDDY, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Fax: (206) 441-9711<br>Email: emeryt@emeryreddy.com<br>         reddyp@emeryreddy.com<br>         paul@emeryreddy.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☒ Via Electronic Mail<br>☒ Via ECF Notification |

*Attorneys for Plaintiff Alexander Floyd*

Dated this 2nd day of November, 2023.

*s/Troy Wambold*
Troy Wambold, Legal Assistant

NOTICE OF FILING OF NOTICE OF REMOVAL
OF CIVIL ACTION TO U.S. DISTRICT COURT - 8
2:23-cv-1680

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820