THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company; and DOES 1-20,<br><br>Defendants. | CIVIL ACTION NO. 2:23-cv-01680-BJR<br><br>**DEFENDANT INSIGHT GLOBAL, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS
2:23-cv-01680-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**INTRODUCTION**

In its Opening Brief, Defendant Insight Global, LLC ("Defendant" or "Insight Global") demonstrated that, under the plain language of the Washington Equal Pay and Opportunities Act (the "EPOA"), Plaintiff's Complaint should be dismissed because the Legislature of this state did not authorize job applicants to bring a civil action under the EPOA. Nothing in Plaintiff's Opposition contradicts that point. Rather, in his response, and without any support from the language of the EPOA or its legislative history, Plaintiff tries to convert the Legislature's decision to give job applicants a **remedy** for violations of the EPOA (which the Legislature did when it included 49.58.110 in the statute) into the creation of a **private cause of action** for job applicants. The fatal flaw in Plaintiff's argument, of course, is that the language of the EPOA demonstrates that the Legislature elected **not** to authorize job applicants to bring a private lawsuit to enforce their rights under the statute; and, instead, the Legislature opted to create a remedy for applicants who claim to be aggrieved under the EPOA that can be pursued in an administrative proceeding before the Washington State Department of Labor & Industries. For this reason, and the others summarized below, Plaintiff's Opposition confirms that the Complaint should be dismissed with prejudice.

**ARGUMENT**

**A.    Plaintiff Improperly Conflates a Private Cause of Action with a Remedy**

Throughout Plaintiff's brief, he continuously conflates the Legislature's provision of a remedy with the creation of a private cause of action by using dramatic language and mischaracterizing Insight Global's arguments. Plaintiff specifically contends that, because the Legislature allows job applicants to seek **remedies** under the EPOA, those job applicants must necessarily be permitted to bring a civil action. This argument is not only contradicted by the plain language of the EPOA, which controls, but Washington law establishes clearly that the mere act of the Legislature providing an individual with a remedy does not mean, in itself, that the individual may bring a private lawsuit.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 1
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Where the Legislature creates a statutory right, it also defines the extent of the remedy and how it can be pursued. *See Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. Nov. 9, 2015) ("The legislature obviously knew how to create a private right of action under CEMA and chose to limit that action to injunctive relief when the wrongful conduct involved commercial emails and texts."); *Steinbock v. Ferry Cty. Pub. Util. Dist. No. 1*, 269 P.3d 275, 283 (Wash. Ct. App. 2011) ("Where the legislature creates remedies not available at common law it not only decides policy, it defines the extent and limits of remedies appropriate to address the legislatively-determined policy."). Further, the Legislature has the absolute right to provide different enforcement mechanisms for different aggrieved individuals. *See P.E.L. v. Premera Blue Cross*, No. 101561-5, 2023 Wash. LEXIS 635, at *15 (Dec. 21, 2023) (noting certain laws are subject to different enforcement mechanisms depending on the aggrieved individual); *see also Patton v. Experian Data Corp.*, No. SACV 17-01559-JVS(DFMx), 2018 U.S. Dist. LEXIS 226572, at *25 (C.D. Cal. Jan. 23, 2018) (finding that although an act provided a private right of action to enforce one of its three sections, the relevant section could only be enforced by the Attorney General); *Clark v. Vilsack*, No. 19-394 (JEB), 2021 U.S. LEXIS 100260, at *11 (D.D.C. May 27, 2021) (holding Congress can provide different enforcement mechanisms for different individuals).

The briefing shows that the parties agree the statute is unambiguous and thus the plain language controls. (*Compare* Dkt. 21 at 5-6 *with* Dkt. 25 at 5.) That means that legislative history is legally irrelevant. *See Mykland v. CommonSpirit Health*, No. 3:21-cv-05061-RAJ, 2021 U.S. Dist. LEXIS 176734, at *17 (W.D. Wash. Sept. 16, 2021) ("If the plain meaning of a statute is unambiguous, the inquiry ends. Only when the statute is ambiguous do we resort to the aids of statutory construction and legislative history.") (internal citation omitted); *Fowler v. Guerin*, No. C15-5367 BHS, 2021 U.S. Dist. LEXIS 137882, at *7-8 (W.D. Wash. July 23, 2021) (concluding because the statute's plain meaning was not ambiguous, the court was not permitted to resort to

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 2
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

legislative history, including bill reports, to construe the statute). Yet Plaintiff, seemingly for no reason, spends a significant portion of his brief discussing irrelevant legislative history.[1]

As discussed at length in the Opening Brief, nothing in the EPOA authorizes a job applicant to bring a civil action. Rather, the Legislature established the process for pursuing remedies by authorizing employees, but not job applicants, to file causes of action in court. Further, as a policy matter, the Legislature's decision to distinguish between who has a private right of action, as between employees and job applicants, appears to be logical, because it reflects a rational legislative determination that employees may suffer greater injuries from a lack of salary transparency as compared to applicants. Thus, employees were given a private right of action, while applicants clearly were not.

Plaintiff contends that Insight Global seeks to "dismantle the legislature's efforts by attacking the most effective mechanism for enforcing this law: an applicant's private right of action" and thus that Insight Global attempts to "eliminate" the right of Washington workers to seek relief. (Dkt. 25 at 1-2, 5-6.) Such a contention is completely illogical and inaccurate. It is clear from the plain language of the statute that the Legislature did <u>not</u> create a private cause of action for an applicant and, as is clear from case law, the Court cannot expand the statute and create one on its own. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (finding absent Congress's intent to create a private right ***and*** private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute"); *Sanai v. Sanai*, No. CO2-2165Z, 2005 U.S. Dist. LEXIS 44614, at *54 (W.D. Wash. May 18, 2005) ("The Court cannot create a private cause of action where it does

---

[1] While legislative history is irrelevant, the Legislature amended the EPOA in 2022 to clarify that a job applicant or employee, rather than an "individual," is entitled to **remedies.** *See* RCW 49.58.110. But nothing in the legislative history cited by Plaintiff purports to create a private cause of action for mere applicants. If the Legislature wanted to provide a private cause of action for applicants it could have, and clearly knew how to, but it did not add any such provision. *See State v. Roggenkamp*, 106 P.3d 196, 201 (Wash. 2005) ("[W]hen interpreting a statute, 'this court is required to assume the Legislature meant exactly what it said and apply the statute as written.'"). Thus, reliance on legislative history actually undercuts Plaintiff's misplaced arguments.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 3
2:23-cv-01680-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

not exist in the statute."). As thus viewed, the argument set forth by Insight Global neither "eliminates" nor "dismantles" anything. To the contrary, Insight Global's argument merely upholds the statute as written and adopted by the Legislature of this State.

Further, no part of our argument suggests that job applicants cannot obtain remedies as provided under the statute. Specifically, the Legislature has elected to authorize a job applicant to seek the remedies discussed in 49.58.060 (i.e., (1) actual damages, (2) statutory damages, (3) interest, (4) costs, and (5) any other appropriate relief) by filing a complaint with the Washington State Department of Labor & Industries ("L&I"). *See* RCW 49.58.060(2)(a). The Legislature has elected to permit an employee, on the other hand, to either seek those remedies through an L&I complaint or to seek nearly identical remedies (i.e., (1) actual damages, (2) statutory damages, (3) interest, (4) costs, and (5) reasonable attorneys' fees) by bringing a civil action.[2] *See* RCW 49.58.060(2)(a); RCW 49.58.070(1). Job applicants and employees are thus entitled to essentially the same relief, though the Legislature decided to provide different procedural means for them to obtain that relief. In other words, proceeding via an L&I complaint does not provide an applicant with any less relief than an employee receives through a private cause of action. In its Opening Brief, Insight Global even noted "Through [the L&I] administrative process, a job applicant who has been injured by a violation of the statute can obtain the remedies set forth under the EPOA." (Dkt. 21 at 6-7.) Plaintiff makes no attempt to dispute this fact. Such a failure to rebut this argument indicates Plaintiff's admission that it is correct. *See* LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."); *Dacumos v. Toyota Motor Credit Corp.*, No. C17-0964 RSM, 2018 U.S. Dist. LEXIS 75273, at *15 (W.D. Wash. May 3, 2018) (finding plaintiff's failure to respond to a portion of defendants' motions to dismiss as an admission in the case); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition

---

[2] Pursuant to RCW 49.58.070(1), an employee may also be entitled to reinstatement. Such a remedy obviously cannot be awarded to a job applicant with no prior employment relationship; there is no prior job to be reinstated to.

OF MOTION TO DISMISS - 4
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

failed to address arguments in motion to dismiss, plaintiff "effectively abandoned" the claim). To be clear: Insight Global is not attempting to "dismantle" or "eliminate" any right of Washington workers. Rather, it is dutifully applying the plain language of the EPOA to this dispute, which states clearly that applicants can only seek remedies as set forth in RCW 49.58.110 by filing a complaint with L&I.

Contrary to Plaintiff's unsupported contention, L&I is also not attempting to "eliminate" a private right of action for applicants. (Dkt. 25 at 6.) Obviously, L&I cannot eliminate something that never existed. And the Legislature clearly did not provide a private right of action for job applicants. L&I has interpreted the EPOA and acknowledges that "***[e]mployees and job applicants*** who believe their rights under the Equal Pay and Opportunities Act have been violated may file a complaint with L&I." (Dkt. 22-2 at 12 (emphasis added).) On the other hand, "***[a]n employee*** can file a complaint with L&I for violations of the Equal Pay and Opportunities Act or bring a civil action against an employer for damages, interest, statutory penalties, costs, and reasonable attorney fees." (*Id.* at 13 (emphasis added).) While L&I's interpretation is not conclusive, it should be afforded substantial weight by the court. *See Port of Tacoma v. Sacks*, 495 P.3d 866, 874 (Wash. Ct. App. 2021) (according deference to L&I's interpretation); *State v. Numrich*, 480 P.3d 376, 385 (Wash. 2021) (stating the court "accords substantial weight to an agency's interpretation within its area of expertise and upholds that interpretation if it reflects a plausible construction of the regulation and is not contrary to legislative intent").[3] The legislative intent is to ensure "employees [] be compensated equitably." RCW 49.58.005. L&I's acknowledgment of the different procedural mechanisms for employees and applicants to seek remedies is consistent with the statute's plain language and thus cannot be said to be contrary to any legislative intent.

---

[3] Plaintiff also discusses Federal Rule of Civil Procedure 23 and contends L&I has no authority to rescind his right to bring a class action. (Dkt. 25 at 6.) Such an argument is completely irrelevant. A job applicant has no private right of action regardless of if he or she attempts to bring an action individually or on behalf of a class of applicants.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 5
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   Plaintiff appears to argue in overly simplistic fashion that because applicants have always
2   enjoyed many of the same protections as employees – in other contexts, and under different statutes
3   –, applicants must therefore be able to bring a private cause of action under the EPOA. This is a
4   strawman argument. Of course there are other circumstances where applicants enjoy the same
5   procedural rights as employees under the language of other statutes. However, the Legislature's
6   language in RCW 49.58.060, 49.58.070, and 49.58.110 is clear and unambiguous: only employees
7   have a private cause of action. And the statutes analyzed in the cases cited by Plaintiff are irrelevant
8   and easily distinguishable as they interpret different statutory language. *Jin Zhu v. N. Cent. Educ.*
9   *Serv. Dist.-ESD, 171*, 404 P.3d 504, 506 (Wash. 2017) (interpreting the Washington Law Against
10  Discrimination, an antiretaliation statute which mandates liberal construction and specifically
11  provides a cause of action for "[a]ny person" who has been subjected to an unfair practice); *Gen.*
12  *Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982) (interpreting Title VII which states if
13  neither the Equal Employment Opportunity Committee nor the Attorney General file a civil action,
14  "a civil action may be brought against the respondent named in the charge (A) by the person
15  claiming to be aggrieved") (quoting 42 U.S.C. § 2000e-5(f)(1)); *Ward v. EEOC*, 719 F.2d 311,
16  313 (9th Cir. 1983) (interpreting Title VII which explicitly states "an employee or applicant for
17  employment, if aggrieved by the final disposition of his complaint, or by the failure to take final
18  action on his complaint, may file a civil action as provided in section 706 [42 U.S.C.S § 2000e-
19  5]") (quoting 42 U.S.C. § 2000e-16(c)); *Elgiadi v. Wash. State Univ. Spokane*, 519 P.3d 939, 944
20  (Wash. 2022) (interpreting the Washington Law Against Discrimination, an antiretaliation statute
21  that contains language mandating liberal construction and explicitly states "[a]ny person" injured
22  by a violation of the chapter may bring a civil action).

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 6
2:23-cv-01680-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B.     Plaintiff's Additional Arguments Lack Merit**

**1.     Plaintiff's Vague Allegations are Insufficient to Support Standing or a Claim for Relief**

To establish Article III standing, a plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). A plaintiff does not necessarily meet the concrete injury requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016). In other words, for Article III purposes, contrary to Plaintiff's erroneous statement, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; the court must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (finding a "plausible pleading of a flatout violation of a statutory provision will not necessarily support a civil law suit [sic]").

Plaintiff fails to demonstrate how **he** has standing under the EPOA.[4] Absent from his allegations is any causal connection between his vague "injuries" (indeterminate lost time and theoretical impact on pay negotiations) and the alleged violation (a job posting without its pay range). Rather, Plaintiff argues that the Court should simply "infer" that "short and long-term harm was caused to his pay, promotions, and career as a result of not being privy to the wage" Insight Global might have offered. Plaintiff, however, does not allege that he was qualified for the

---

[4] Plaintiff's reliance on the Court's jurisprudence under the Fair Debt Collections Practices Act, Civil Rights Act of 1968, and ADA is misplaced. First, the FDCPA is a strict liability statute. Second, the cases cited by Plaintiff are easily distinguishable and undercut Plaintiff's arguments. In *Beane v. RPW Legal Services*, 378 F. Supp. 3d 948, 957 (W.D. Wash. 2019), the court found the plaintiff's vague allegation that she suffered injuries to her "feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress" to be insufficient to allege any cognizable harm. In *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972), the court noted since the Secretary of HUD has no enforcement powers, unlike the L&I, the main generating force must be private suits. As discussed above, L&I may issue an order requiring the employer to provide remedies. Nothing in *Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023), a Title III ADA case, created a unique standing rule for "civil rights cases." That case examined standing in the context of an injunctive relief claim under Title III of the ADA.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 7
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

position, or that it was his chosen career. Instead, Plaintiff argues that the Court should infer that he was qualified for the position because "he sought employment in good faith and intended to accept the position if it had been offered to him." (*Id.*) Plaintiff, however, makes no allegation in his Complaint that he applied for the job posting in good faith with the intent of gaining employment. (Dkt. 21 at 8.) Contrary to established law, Plaintiff attempts to shift the burden to Insight Global, claiming Insight Global "offers no facts tending to discredit his good faith effort to acquire a job in his chosen profession." (Dkt. 25 at 14.) Plaintiff simply fails to allege in his complaint that he applied in good faith. There can be no such inferences in this scenario where they would be completely speculative. *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (finding standing will not be found "[w]hen 'speculative inferences' are necessary . . . to establish either injury or the connection between the alleged injury and the act challenged. . . .").

## 2. Defendant has Not Waived Any Argument Based on its Removal of this Action

Plaintiff argues that by removing this case Defendant has somehow waived its argument that the Court does not have jurisdiction. Courts have, however, noted that it is procedurally appropriate for a defendant to remove an action to federal court and then file a motion to dismiss for lack of subject matter jurisdiction. *See King v. King*, No. 3:16-CV-630-PK, 2016 U.S. Dist. LEXIS 124770, at *13 (D. Or. Sept. 14, 2016) ("Also seemingly incongruous on superficial consideration, but in fact procedurally appropriate, is defendant's election to remove plaintiffs' action to federal court on the basis of diversity jurisdiction only to move immediately for dismissal of plaintiffs' action for lack of federal subject-matter jurisdiction."); *Wash. Election Integrity Coal. United v. Anderson*, No. 3:21-cv-05726-LK, 2022 U.S. Dist. LEXIS 179175, at *5-6 (W.D. Wash. Sept. 30, 2022) (dismissing a removed case after finding it lacked subject matter jurisdiction). Plaintiff's contention is simply wrong.

## 3. Remand Would be Futile

Plaintiff contends that if the Court finds he lacks standing, it should remand the matter. While Insight Global recognizes that remand to state court is generally the appropriate remedy, a

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 8
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

district court should dismiss a case rather than remand where it is "certain that a remand to state court would be futile." *Anderson*, 2022 U.S. Dist. LEXIS 179175, at *30-31 (W.D. Wash. Sept. 30, 2022) (dismissing a removed case after finding it lacked subject matter jurisdiction); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189-90 (9th Cir. 2022); *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905 (9th Cir. Apr. 8, 2022) (applying the futility exception); *Strojnik v. Driftwood Hosp. Mgmt., LLC*, No. 21-16060, 2022 U.S. App. LEXIS 14104, at *2 (9th Cir. May 24, 2022) ("The district court properly denied [plaintiff's] motion to remand the actions to state court because remand would have been futile."). Remand would be futile here as Plaintiff does not have a private cause of action in any court.

### C. Plaintiff Abandoned His Second and Third Causes of Action

In its Opening Brief, Insight Global explained that the Court can easily dismiss Plaintiff's second and third causes of action as injunctive relief is not an independent cause of action and declaratory relief is not provided as a remedy under the EPOA. (Dkt. 21 at 13.) Plaintiff failed to respond to these arguments. (*See generally* Dkt. 25.) Such a failure signifies Plaintiff's abandonment of these claims, and these claims should be dismissed with prejudice. *See NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1344 (W.D. Wash. Apr. 15, 2021) (dismissing certain claims with prejudice after finding plaintiff abandoned those claims by failing to respond to the motion to dismiss); *Lopez v. Wendy's Int'l*, No. CV 11-00275 MMM (JCx), 2012 U.S. Dist. LEXIS 196652, at *17 (C.D. Cal. Sept. 18, 2012) ("The court also notes that plaintiff failed to respond to defendant's motion to dismiss her injunctive relief prayer. Her request for such relief is thus abandoned, and the dismissal is with prejudice."); *Walsh*, 471 F.3d at 1037 (finding plaintiff who made a claim for injunctive relief but failed to raise the issue in response to a motion to dismiss had "effectively abandoned his claim").

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted and Plaintiff's Complaint dismissed.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 9
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | |
|---|---|
| 1   DATED this 30th day of January, 2024 | |
| 2 | ALSTON & BIRD LLP |

*s/ Chris Marquardt*
Chris Marquardt (Admitted *Pro Hac Vice*)
Leigh Shapiro (Admitted *Pro Hac Vice*)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
T: (404) 881-7000
F: (404) 881-7777
chris.marquardt@alston.com
leigh.shapiro@alston.com


DORSEY & WHITNEY LLP

*s/ Todd S. Fairchild*
Todd S. Fairchild WSBA #17654
Dorsey & Whitney LLP
701 5th Ave, Suite 6100
Seattle, WA 98104-7043
T: (206) 903-8800
F: (206) 903-8820
fairchild.todd@dorsey.com

*Attorneys for Defendant Insight Global, LLC*

---

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 10
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078 | ☐ Via Messenger |
| Patrick B. Reddy, WSBA No. 34092 | ☐ Via Facsimile |
| Paul Cipriani, WSBA No. 59991 | ☐ Via U.S. Mail |
| EMERY REDDY, PLLC | ☐ Via Electronic Mail |
| 600 Stewart Street, Suite 1100 | ☒ Via ECF Notification |
| Seattle, WA 98101 | |
| Phone: (206) 442-9106 | |
| Fax: (206) 441-9711 | |
| Email: emeryt@emeryreddy.com | |
| reddyp@emeryreddy.com | |
| paul@emeryreddy.com | |

*Attorneys for Plaintiff Alexander Floyd*

Dated this 30th day of January, 2024.

*s/ Troy Wambold*
Troy Wambold, Legal Assistant

CERTIFICATE OF SERVICE
2:23-cv-01680-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820