The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDER FLOYD,

    Plaintiff,

v.

INSIGHT GLOBAL LLC, *et al.*,

    Defendants.

NO. 23-cv-1680-BJR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL**

## I.    INTRODUCTION

This case was originally filed in King County Superior Court alleging that Defendant, Insight Global LLC ("Insight Global") had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Insight Global removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss, which this Court granted and subsequently ordered the case be remanded back to King County Superior Court pursuant to 28 U.S.C. § 1447(c). *See* Am. Order, ECF No. 37. Now pending before the Court is Insight Global's motion seeking partial reconsideration, or, in the alternative, requesting the Court to certify the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 1

Amended Order for interlocutory appeal under 28 U.S.C. § 1292(b) and stay further proceedings. Mot., ECF No. 38. Having reviewed the materials[1] and the relevant legal authorities, the Court will grant in part and deny in part Insight Global's motion and lift the temporary stay of remand. The reasoning for the Court's decision follows.

## II. BACKGROUND

On September 20, 2023, Alexander Floyd submitted a job application online through LinkedIn.com for a Network Engineer in the Greater Seattle area with Insight Global. Compl. ¶¶ 8, 14-15, 29; Ex. 1, ECF No. 1-1. He alleges that the job posting on LinkedIn did not disclose the wage scale or salary range. *Id.* ¶¶ 14-15. Mr. Floyd claims to represent more than 40 potential class members who also applied for jobs with Insight Global for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. By its dismissal motion, Insight Global contended that Mr. Floyd lacked standing to bring a private cause of action and failed to allege that he applied in good faith with the intent of gaining employment. Dismissal Mot., ECF No. 21. The Court addressed the parties' arguments regarding Mr. Floyd's standing to sue Insight Global, and ultimately concluded that Mr. Floyd lacked constitutional standing, requiring remand of this case back to state court. Am. Order.

## III. DISCUSSION

Insight Global seeks partial reconsideration of the Amended Order, asking the Court to strike some of the analysis it undertook, which Insight Global deems was unnecessary to the threshold determination that constitutional standing does not exist. Mot. 1. Alternately, Insight Global requests that the Court certify the Amended Order for interlocutory appeal under 28 U.S.C.

---

[1] Including the motion, ECF No. 38; response in opposition, ECF No. 40; and reply, ECF No. 41.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 2

§1292(b), and that the Court stay further proceedings during the pendency of the interlocutory appeal. *Id.* at 2.

**A. Partial Reconsideration**

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Such motions are disfavored and, absent exceptional circumstances, are only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Id.* at 1263; Western District of Washington Local Rule 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."); *see also* Standing Order § H, ECF No. 17.

Insight Global argues that the Court should have declined to address issues related to statutory standing and contends that since the Court found that Mr. Floyd lacked constitutional standing, the analysis related to statutory standing is mere *dicta* and should be stricken. Mot. 3-4. Insight Global also "acknowledges that it is not necessarily improper to address statutory standing issues before addressing constitutional standing issues." *Id.* (citing cases). Mr. Floyd neither opposes nor addresses this request. Opp'n 2, ECF No. 40.

Although there is no showing of manifest error or any intervening change in controlling law, in its discretion, the Court will strike Section IV.A from its Amended Order. The statutory standing analysis undertaken was intertwined with the constitutional standing analysis, which is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 3

1 evident from the parties' own arguments in their briefs regarding Insight Global's dismissal motion.
2 *See* ECF Nos. 21, 25, 27. However, given the Court's ultimate conclusion that Mr. Floyd did not
3 have constitutional standing, the additional analysis becomes advisory, and certainly is not binding
4 on the State court to whom the case is being remanded. *See Himes v. Thompson*, 336 F.3d 848, 853
5 (9th Cir. 2003) ("[O]nly Supreme Court law is binding on the states. . . ."); *Yniguez v. State of Ariz.*,
6 939 F.2d 727, 736 n.9 (9th Cir. 1991) (noting that a decision of a federal trial court is not binding
7 on the courts of a State). Accordingly, the Court strikes Section IV.A from its Amended Order
8 (page 7, line 18 to page 10, line 2).

**B. Interlocutory Appeal**

Generally, the United States Courts of Appeal have jurisdiction only over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created a limited exception to the final-judgment rule in 28 U.S.C. § 1292(b), which "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir. 1981) (*en banc*). Known as an interlocutory appeal, these appeals are approved only in "rare circumstances" because they are "a departure from the normal rule that only final judgments are appealable," and therefore requests for interlocutory appeals "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070, n. 6 (9th Cir. 2002); *see also In re Cement Antitrust*, 673 F.2d at 1026 (stating that Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation"). The party seeking interlocutory appeal "bears the heavy burden of demonstrating that the case is an

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 4

exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

In its Reply, Insight Global notes that since Mr. Floyd essentially consented to the withdrawal of Section IV.A from the Court's Amended Order, it is unnecessary to address the interlocutory appeal. Reply 2. Further, the issues are uniquely state court issues, i.e., how Washington state courts would interpret provisions in the Washington Equal Pay and Opportunities Act. State courts provide the authoritative adjudication of questions of state law. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 48, (1997) ("Federal courts lack competence to rule definitively on the meaning of state legislation.").

Accordingly, Defendant's request to certify interlocutory appeal is denied, and this case shall be remanded to the King County Superior Court.

### IV.   CONCLUSION

For the foregoing reasons,

1. Defendant Insight Global, LLC's Motion for Partial Reconsideration, or, in the Alternative, to Certify Interlocutory Appeal and Stay Proceedings, ECF No. 38, is GRANTED IN PART and DENIED IN PART;

    a. The Court hereby strikes Section IV.A from the Amended Order, ECF No. 37;

    b. The Court denies Defendant's request to certify interlocutory appeal.

2. This case is remanded to King County Superior Court.

DATED this 26th day of June 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 5